IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. PAUL BLOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 09-555-GMS |
| | ) |
| GENENTECH, INC., | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The petitioner, H. Paul Block ("Block"), filed a petition to remove this case from the Chancery Court of the State of Delaware ("Chancery Court") on July 29, 2009. (D.I. 1.) He appears *pro se*. The respondent, Genentech, Inc. ("Genentech") filed a motion to dismiss the notice of removal which the court construes as a motion to remand. (D.I. 5.) For the reasons discussed below, the court will summarily remand the case to the Chancery Court.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On July 21, 2008, putative class and derivative complaints were filed in the Chancery Court, as well as California state and federal courts. (D.I. 6, ex. C.1.) The cases were consolidated and on August 18, 2008, the lead plaintiffs in the Chancery Court case filed a verified consolidated class action. (*Id.*) On February 19, 2009, the co-lead plaintiffs filed a supplement to the consolidated class action complaint. (*Id.*) On July 9, 2009, an order and final entry of judgment was entered in the underlying class action, *In Re Genentech, Inc., Shareholder Litigation*, Consolidated Civil Action No. 3911-VCS. (D.I. 6, ex. D.)

Block, a putative class member, asserts that he has standing to remove the action because he held Genentech, Inc. shares during the class period defined by the Chancery Court. (D.I. 1.) Block contends that the notice of pendency of class action, dated May 4, 2009, violated his right to due process and that removal of the litigation to federal court is his only remedy.

Genentech moves for remand on the grounds that Block may not remove the case because he is not a defendant; the statutory time limit to remove the case has long expired; any objection Block may have had to the settlement and release was to be directed to the Chancery Court before the July 9, 2009 final hearing and Block did not satisfy any of the objection procedures; Block's contention that the non-opt-out clause violates due process fails as a matter of law; the action involved state law claims of fiduciary breach; the action does not satisfy grounds for removal pursuant to 28 U.S.C. § 1441(b); all claims in the Chancery Court case were fully and finally settled and released by the Chancery Court; and Block lacks standing to remove the claim. (D.I. 5.)

## III. LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). A class action may be removed to a district court of the United States in accordance with § 1446 (except that the one-year limitation under § 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought,

except that such action may be removed by any defendant without the consent of all defendants.[1] 28 U.S.C. § 1453. The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## IV. DISCUSSION

### A. Requisites for Removal

Initially the court notes that Block failed to comply with the requisites for removal. He did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding other. *See* 28 U.S.C. § 1446(a).

### B. Removal by Plaintiff

Block does not indicate under which removal statute he proceeds. Block states that he is a member of the putative class (i.e., a class plaintiff). As a plaintiff, Block may not remove the Chancery Court case because he is not a named defendant and, therefore, by statute he is not

---

[1] Section 1441(a) also provides that the action may be removed by the defendants or the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441.

afforded the privilege of removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941); *BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.* 310 F. App'x 490, 493 n.1 (3d Cir. 2008) (not published) (Section 1441 permits only the defendant to remove an action to federal court). Accordingly, the court must remand the case to the Chancery Court.

### C. Thirty Day Time Period

Even if Block, as a putative class member plaintiff, had the right to remove the case, the notice of removal is untimely. Section 1446(b) provides that "a notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). The term "initial pleading" as contained in §1446(b), refers to the complaint. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). If the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

On July 21, 2008, putative class and derivative complaints were filed in the Chancery Court, as well as California state and federal courts. (D.I. 6, ex. C.1.) The cases were consolidated and, on August 18, 2008, the lead plaintiffs in the Chancery Court case filed a verified consolidated class action. (*Id.*) On February 19, 2009, the co-lead plaintiffs filed a supplement to the consolidated class action complaint. (*Id.*) It is evident from the foregoing

4

dates that the defendants in this action received copies of the initial pleadings anywhere from five months to one year prior to the time Block filed his notice of removal.

The timeliness issue is not cured even when considering the notice of pendency of class action as the relevant notice (i.e., an "other paper" as set forth in the second paragraph of § 1446(b)). The notice of pendency of class action was filed on May 4, 2009, yet Block waited almost two months, until July 29, 2009, before he filed the notice of removal. Block's failure to timely file his notice of removal rendered the removal procedurally defective.[2]

## V. CONCLUSION

For the above reasons the court will summarily remand the case to the Chancery Court of the State of Delaware.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 25, 2009
Wilmington, Delaware

---

[2] The court sees no need to address Genentech's other grounds for removal.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. PAUL BLOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 09-555-GMS |
| | ) |
| GENENTECH, INC., | ) |
| | ) |
| Respondent. | ) |

**ORDER**

At Wilmington this 25 day of Sept., 2009, for the reasons set forth in the Memorandum issued this date;

1. The respondent, Genentech, Inc.'s motion to dismiss the notice of removal, construed as a motion to remand, is **granted**. (D.I. 5.)

2. The case is **summarily remanded** to the Chancery Court of the State of Delaware.

_____
CHIEF, UNITED STATES DISTRICT JUDGE